**FILED**

JAN 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-Filing

| | |
|---|---|
| WINSTON KEMPER, | No. C 07-4666 JSW (PR) |
| Petitioner, | |
| vs. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| JAMES YATES, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Pleasant Valley State Prison in Coalinga, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Because the Court cannot determine which claims Petitioner intends to present to this Court, the petition is dismissed with leave to amend within thirty days.

## BACKGROUND

According to the petition, Petitioner was convicted after a jury trial in Alameda County Superior Court of first degree burglary and sentenced to a term of life in state prison in April, 2004. Petitioner alleges that he filed a direct appeal as well as collateral challenges in the state courts, the final one occurring in the California Supreme Court, which was denied on July 11, 2007. Petitioner filed the instant federal habeas petition on September 10, 2007.

**DISCUSSION**

I. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

II. <u>Discussion</u>

In this case, Petitioner has not properly notified the Court of the claims he intends to pursue here. Petitioner has written on the Court's form habeas petition, in the space provided for a petitioner to identify the grounds for relief, "see attachments." Attached to the Court's form are many documents from Petitioner's state appeal and collateral challenges, none of which specifically identify the claims that Petitioner intends to present in this Court.

1 | Petitioner may not simply provide documents from another forum from which this
2 | Court is expected to draw. He must clearly and specifically identify each of the claims he
3 | intends to pursue on the Court's petition form. Therefore, the petition is DISMISSED.
4 | Petitioner will be provided with thirty days in which to file an amended petition, as set
5 | forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within *thirty days* of the date of this order in which Petitioner clearly identifies his grounds for relief on the Court's form petition. Failure to file an amended petition by the deadline will result in dismissal of this action.

Petitioner is cautioned that an amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). The Court will not consider documents not attached to the amended petition.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk shall serve a provide a copy of this Court's habeas petition form on Petitioner.

IT IS SO ORDERED.

DATED: MAR 25 2008

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WINSTON KEMPER,

        Plaintiff,

v.

JAMES YATES et al,

        Defendant.
_____/

Case Number: CV07-04666 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Winston H. Kemper
B64476
P.O. Box 8500
Coalinga, CA 93210

Dated: January 25, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk