1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name KEMPER    WINSTON    H.
         (Last)         (First)         (Initial)

3    Prisoner Number B-64476

**FILED**

4    Institutional Address P.O. Box 8500, Coalinga,

FFB 2 / 2008

5    CA 93210

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6    ===============================================

UNITED STATES DISTRICT COURT
7                    NORTHERN DISTRICT OF CALIFORNIA

8    WINSTON H. KEMPER                    )
     (Enter the full name of plaintiff in this action.)    )
9                                          )
                    vs.                    )    Case No. C07 4666 JSW
10   JAMES A. YATES, WARDEN               )    (To be provided by the clerk of court) (PR)
                                          )
11   _____     )    PETITION FOR A WRIT
                                          )    OF HABEAS CORPUS
12   _____     )
                                          )
13   _____     )
                                          )
14   (Enter the full name of respondent(s) or jailor in this action)    )
                                          )
15   _____     )

16   ==============================================

                    Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12        (a)  Name and location of court that imposed sentence (for example; Alameda

13            County Superior Court, Oakland):

14            <u>ALAMEDA SUPERIOR COURT OAKLAND, CA</u>

15            Court          Location

16        (b)  Case number, if known <u>146380</u>

17        (c)  Date and terms of sentence _____

18        (d)  Are you now in custody serving this term? (Custody means being in jail, on

19            parole or probation, etc.)    Yes <u>X</u>  No ___

20            Where? COALINGA, CALIFORNIA 93210

21            Name of Institution: <u>PLEASANT VALLEY STATE PRISON</u>

22            Address: <u>P.O. Box 8500</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>FIRST DEGREE BURGLARY, PENAL Code # 459</u>

27

28

PET. FOR WRIT OF HAB. CORPUS   - 2 -

1      3. Did you have any of the following?

2           Arraignment:                                Yes X    No _____

3           Preliminary Hearing:                        Yes X    No _____

4           Motion to Suppress:                         Yes _____    No X

5      4. How did you plead?

6           Guilty _____    Not Guilty X    Nolo Contendere _____

7           Any other plea (specify) _____

8      5. If you went to trial, what kind of trial did you have?

9           Jury X    Judge alone_____    Judge alone on a transcript _____

10     6. Did you testify at your trial?                 Yes X    No _____

11     7. Did you have an attorney at the following proceedings:

12          (a)    Arraignment                          Yes X    No _____

13          (b)    Preliminary hearing                  Yes X    No _____

14          (c)    Time of plea                         Yes X    No _____

15          (d)    Trial                                Yes X    No _____

16          (e)    Sentencing                           Yes X    No _____

17          (f)    Appeal                               Yes X    No _____

18          (g)    Other post-conviction proceeding     Yes _____    No X

19     8. Did you appeal your conviction?               Yes X    No _____

20          (a)    If you did, to what court(s) did you appeal?

21                 Court of Appeal                      Yes X    No _____

22                 Year: 2005-7    Result: DENiEd _____

23                 Supreme Court of California          Yes X    No _____

24                 Year: 2006-7    Result: DENiEd _____

25                 Any other court SupERiOR CouRT Yes X    No _____

26                 Year: 2006    Result: DENiEd _____

27

28          (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1            petition?                                    Yes _X_    No____

2       (c)    Was there an opinion?                       Yes _X_    No____

3       (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                          Yes ____   No _X_

5              If you did, give the name of the court and the result:

6       _____

7       _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?                Yes ____   No____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16      (a)    If you sought relief in any proceeding other than an appeal, answer the following

17             questions for each proceeding. Attach extra paper if you need more space.

18      I.     Name of Court: SupERioR CouRT

19             Type of Proceeding: HAbEAS CoRpus

20             Grounds raised (Be brief but specific):

21             a.SAME issues RAised on diRECT AppEAl - ATTAched

22             b.iNEFFECTiVE ASSiSTANCE of counsel - ViNdiCTiVE

23             c.PRosECuTioN - PRosECuTOR MisConduCT- RESTiTuTioN

24             d.VioLATioN And BRAdy VioLATioN - PERJuRY.

25             Result: DENiEd                          Date of Result: 8-8-06

26      II.    Name of Court: FiRST AppELLATE DisTRiCT CouRT

27             Type of Proceeding: HAbEAS CoRpus

28             Grounds raised (Be brief but specific):

1     a. Ineffective Assistance of Counsel

2     b. Prosecutorial Misconduct

3     c.

4     d.

5     Result: DENIED       Date of Result: 11-27-06

6    III.   Name of Court: California Supreme Court

7     Type of Proceeding: Habeas Corpus

8     Grounds raised (Be brief but specific):

9     a. Ineffective Assistance of Counsel

10     b. Prosecutorial Misconduct

11     c. Trial Court failed to instruct on Special

12     d. Allegation and Prosecutor withheld Evidence

13     Result: DENIED       Date of Result: 7-11-07

14    IV.   Name of Court:

15     Type of Proceeding:

16     Grounds raised (Be brief but specific):

17     a.

18     b.

19     c.

20     d.

21     Result:       Date of Result:

22    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                      Yes _____    No X

24     Name and location of court:

25 B. GROUNDS FOR RELIEF

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to

27 support each claim. For example, what legal right or privilege were you denied? What happened?

28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS     - 5 -

1   need more space. Answer the same questions for each claim.

2       [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One: Ineffective Assistance of Counsel

6

7       Supporting Facts: Trial Counsel Michael Lew who was the fourth attorney

8   assigned to my case by Public Defender, failed to investigate

9   or to interview witnesses.  I     met Mr. Lew on the morning  of

10   trial.

11   Claim Two: Prosecutorial misconduct - prosecutor knowingly Filed

12   a false information in the Superior court.

13   Supporting Facts: On 12/12/03 Prosecutor Micheal O'Connor filed an

14   information in Superior Court charging petitioner with a special

15   allegation, the Judge in preliminary hearing had dismissed as

16   being factually unsustained. PX 64 - 65

17   Claim Three: Violation of 6th Amendment Right to a fair trial.

18

19   Supporting Facts: Testimony of key witness who possessed exculpatory

20   evidence was not presented to the jury (Officer Davidson). see

21   claim four and video interview. He

22   Possesd my Brown coat. And his absence

23   From Trial went unexplained.

      If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25                 N/A

26

27   see attached Pages 6(a) 6(B); and

28   MEMORANDUM (Optional)

1

2    Claim Four:  Suggestive Identifaction Process. R.T. 322, 340-41

3    Supporting Facts:  The witnesses at scene of crime said perpetrator

4    was wearing only a white T-Shirt and green sweat pants.  Yet, at trial

5    it was brought out that defendant at time of arrest had on a jacket

6    and dark clothes.  It was the Prosecutor suggestion to Police/Jury

7    that defendant was the perpetrator.

8    Claim Five:  Allowing the other - crimes evidence constituted a vio-

9    lation of constitutional due process.  R.T. 46-51

10   Supporting Facts:  Trial court allowed prosecution to introduce into

11   evidence that defendant committed a residential burglary in Berkeley

12   on April 16, 1991.

13   Claim Six:  Court allowed bailiff to stand in witness stand during

14   defendant's testimony.  In violation of due process.  R.T. 462-463

15   Supporting Facts:  Bailiff was allowed to manhandle witness throughout

16   petitioner's testimony over defense objection.

17   Claim Seven:  Intrvcting the jurors that other - crimes evidence need

18   only be proved by prepondrance of evidence ambiguously conflicts with

19   the overall Burden of Proof beyond a reasonable doubth and was likely

20   in this case to be misconstrued by the jury.  R.T. 746

21   Claim Eight:  Ten days prior to my present incarceration state prison

22   released me.  Illegally  keeping my money.  The court in this convic-

23   tion imposed a $5,000 restitution on me deriving from above illegal

24   act, (5,000 Dollars).  R.T. 473

25   Claim Nine:  For the aforementioned reasons and the fact of my ACTUAL

26   INNOCENCE.  Trial court refusal to permit discovery of witness David

27   Harris alledged misdermeanor (1995) misconduct, etc. deprived me of a

28   fair trial.  (R.T.P. 223).  The credibility of Harris character remains

b(a)

1  a mystery.  P.C. 118 and 118 (a) in general.  Charge against complaining wit-
2  ness David Harris.

3  Claim Ten

4  Vindictive Prosecution:  Over three and one half months after I was arrested.
5  After I filed a Marsden Motion/and charges against complaining witness David
6  Harris was sought.  The District Attorney enhanced charges against me. This
7  contention is fully supported by U.S. v. Goodwin.  (FULL EVIDENTIARY HEARING
8  REQUESTED).  (enhanced charge 11-19-03) P X 64-65

9  Claim Eleven:  Prosecutor Misconduct

10  I talked to Transport Officer Davidson about my arrest.  I was in process of
11  talking about my arrest at Parole Hearing.  Where poor eye-sight and attorney
12  advice, advised me to stop. This is in total contradiction to District
13  Attorney assertions I did not assert my innocence R.T. 648.
14  (FUUL EVIDENTIARY HEARING REQUESTED).

15

16

17

18

19

20

21

22

23

24

25

26

27                                    6(B)

28

MEMORANDUM
OPTiONAL
CONSiDERATioN

Winston Kemper B-64476
P.O. Box 8500
Coalinga, CA 93210
P.V.S.P. B-5 129

## Prosecutor - Public Defender Misconduct

The Prosecutor and Public Defender erased key elements in description and action of suspect(s). ( P. 558 REPorTER Transcript).

911 Tape:  man jumping fence Prosecution:  Man static at fence Opn. Brf. Page 6-7. Dispatcher:  Green eyes, mine are brown, my pants green, brown hair, mine is grey, my coat is brown, Police Report.  You realize how serious this is from jury comment regarding my brown coat; jury comment exhibit (1).  This is an obvious typo.  The Point, there is a clear description discrepancy compounded by Officer Dauer p. 322 "He wore dark clothing," after one day recess and being briefed by prosecutor, pp. 340-41, and showing him my pictures, Officer Dauer's story changed, "That's what he wore!"  Clearly suggestive identification.  Dispatcher gave a description; p. 326 (after being briefed Officer changed story, "There was no description" pp. 336-37) original description p. 558 P. 367 Direct Examination Prosecutor did not give Officer Diotoleni independent opportunity from his notes to describe defendant she immediately showed him pictures of me.  This is an outrageous case of suggestive identification in violation of U.S. v. Burdeau, 168 F.3d 352 "An in court identification procedure in which the witness points out the Defendant, who is seated at the table with counsel, is inherently suggestive and of minimal value," my opinion there is no difference in being pointed out from a table or pictures, in my case clothes being the

1

1 | key factor.   A none suspecting jury believes this is convincing
2 | and legal evidence (3 say I had no coat) exhibit (1).   During a
3 | pretrial video interview with Public Defender Ms. Browne, I
4 | mentioned Officer Davidson had possession of my brown coat. There
5 | were witnesses to my recycling (diagonal house and see attached
6 | 01/06/04 Motion), and Harris attacking me with bat. Prelim. p. 56.

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:   Civil Rights Violation CDC illegally holding my money- Penal

4    Code 1202-4 (C).  Denied Fair Trial-35 C.R.2d 219 People v. Santos

5    U.S. v. Burdeau 168 F.3d 352; Crawford v. Washington 124 S. CT. 1354;

6    Ohio v. Roberts 448 U.S. 56; U.S. v. Griffin 85 S. CT. 1229; U.S. v. Doyle

7    96 S. CT. 2240; Brown v. Borg 951 F.2d; Brady v. Maryland – U.S. –
     Do you have an attorney for this petition?                    Yes_____     No_X_

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on Feb. 23, 2008          Winston Kemper

14           Date                              Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

Winston Kemper B-64476

P.O. Box 8500

Coalinga, Ca. 93210

CASE #CO7/4666 JSW (PR)

Clerk:

I wrote you 2-5-08 seeking time extension. I never heard from you.

Because of the time limit, I am emclosing my <u>only original</u> Petition. Please send <u>filed copy</u> back.

Thank you

( Time extension was sought
on basis of lock down status
here. )

Winston Kemper



UNITED STATES POSTAGE
PITNEY BOWES
$ 01.14⁰
02 1A
0004344659    FEB 25 2008
MAILED FROM ZIP CODE 93210

CIERK, U.S. DiStRiCT CoURT
450 Golden GaTe AVE, Room 16-1120
San FrancisCo, Ca. 94102-3489

LEGALMAIL

Law Library
Facility B