1  Winston Kemper B-64476
   P.O. BOX 8500
2  Coalinga, Ca. 93210
   P.V.S.P. B-5  129

                          HABEAS CORPUS

         UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

10  Winston Kemper                 )
       Plaintiff                   )
11                                 )
                                   )
12        vs.                      )   NO. C07-4666 JSW (PR)
                                   )
13  James Yates                    )
       Warden                      )

20  I had one video interview with Public Defender Brown prior to trial. I am
21  sure I mention my attempts to vindicate myself of this crime through
22  Officer Davidson, whose none appearance at my trial went unexplained in
23  violation of Ohio v. Roberts my other exculpatory statements were
24  9-29-03 see attached parole Hearing 9-29-03 comment and October advice by
25  attorney advising me to be silent. I think for these reasons this con-
26  viction should be reversed under the Griffin - Doyle Rule, see attached
27  page 648. **PERJURY** UNDER P.C. 118 a is the only way of describing alledged
28  victim David Harris testimony in this case. A full evidentiary hearing


1. Concerning this charge of perjury is requested. Attached pages 11,
2. 12, and 13 prove fact there was no investigation and contrary to
3. Public Defender Browne's position I should have been given a 1538.5
4. and/or 995 hearing, to prove the brown coat was really mine by
5. diagonal house witness and next door neighbor. This point is
6. proven by jury request Exhibit I, "Ascertaining true ownership of
7. coat." Who left duffle bag p. 11, line 20 is an issue requiring
8. an evidentiary hearing most relevant to 11-19-03 amended complainnt.
9. (Millie, Michael, Reggie, Debra, or K.C. left the duffle bag?)
10.     David Harris' perjury is at least 3 fold. Instances
11. mentioned here are Police Report statements "Harris, 'I turned my
12. head and he ran out back.'" During my trial he stated, "I was
13. casually walking through the house and I saw his profile when he
14. left the house." This perjury went unchallenged by defense
15. attorney (ineffective counsel). (Police Report and Trial p. 133
16. attached). Route allegedly took, see police report.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

2

the Public Defender Department never investigated and here I am an actual and factual innocent person incarcerated for life. No explanation given for Officer Davidson's no appearance at trial in violation of <u>Roberts v. Ohio</u>, <u>Crawford v. Washington</u>. I remember hearing the Judge, Prosecution, and Public Defender discussing dubing Dispatcher description of suspect. They have refused to give my September 29, 2003 tape back, exhibit (2) 602, in which other people in backyard were mentioned. I have requested a <u>full</u> evidentiary hearing at every stage of state review of this appeal which was not granted in violation of <u>Taylor v. Maddox</u>, 366 F.3d 992 (9th Cir.)

The charge of 5,000 dollars (five thousand) for restitution by trial judge was arbitrary, ridiculous, and contrary to P.C. 1202.4(F). (Poison TREE) See attached Judge and District Attorney reports..."Loss, repair and replacement of broken door frame." This charge also was in violation of the 14th Amendment "equal protection clause" and 8th Amendment "cruel and unusual punishment."

<u>Vindictive Prosecution</u>

The explanation given by the prosecutor for submitting an amended complaint violated the criteria established in <u>U.S. v. Goodwin</u>, 102 S.Ct. 2485 ("an individual may not be punished for exercising a protected statutory constitutional right.") The amended complaint filed by the prosecutor was a due process violation of my rights and the direct result of my seeking Marsden Proceedings on November 14, 2003.

It is well established law that to show 'vidictive prosecution' the two prongs that must exist, are <u>one</u> establishment of a prosecutorial stake, and <u>two</u> the reasonableness of the extra charge. In the instant case 1. The <u>stake</u> on the prosecutor's part was Judge Reardon's offer in exchange for a guilty plea on my part, and 2. An objective view of the prosecutor's explanation would have found it <u>unreasonable</u>, unsustainable, and whimsical.

STATE OF CALIFORNIA )
COUNTY OF FRESNO )
_____ )

**(C.C.P. SEC. 446 & 201.5;   28 U.S.C. SEC. 1746)**

I, Winston Kemper declare under the penalty of perjury that: I am the _____ in the above entitle action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe them to be true.

EXECUTED THIS 2 DAY OF September, 2008 AT PLEASANT VALLEY STATE PRISON, COALINGA, CALIFORNIA 93210

(SIGNATURE) Winston Kemper
(DECLARANT/PRISONER)

---

**PROOF OF SERVICE BY MAIL**
**(C.C.P. SEC 1013 (a) & 2015.5;   28 U.S.C. SEC. 1746)**

I, Winston Kemper, am a resident of PLEASANT VALLEY STATE PRISON, IN THE COUNTY OF FRESNO, STATE OF CALIFORNIA. I am over the age of eighteen (18) years of age and I am a party of the above-entitled action. My address is: P.O. BOX 8500, COALINGA, CALIFORNIA 93210.
ON September 2, 2008, I SERVED THE FOREGOING:

Supplement Sheets

**(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)**
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, IN A SEALED ENVELOPE, WITH FIRST CLASS POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN THE DEPOSIT BOX SO PROVIDED AT PLEASANT VALLEY STATE PRISON, COALINGA, CALIFORNIA 93210.

I SERVED THE FOLLOWING PERSON (S) ADDRESSED BELOW:

U.S. District Court
450 Golden Gate Ave
San Francisco, Ca. 94102

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 9-2- , 2008 , Winston Kemper
(DECLARANT/PRISONER)

# SUPPLEMENT SHEETS

CASE # C07-4666 JSW (PR)

1. The enclosed Three Page Front Sheets
2. and about 41 Pages of exhibits were
3. Part of original appeal I sent This
4. court 8-30-07. The court rejected
5. That appeal (excessive Papers). I'm
6. resubmitting these 3 Sheets Be-
7. cause They are identical To The ones
8. I raised throughout my appeal.
9. Emphaticly Page 3, lines 1-9.

Thank you
Winston Kemper
9-2-08