IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON KEMPER,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES YATES, Warden,<br><br>    Respondent. | No. C 07-4666 JSW (PR)<br><br>**ORDER LIFTING STAY; REOPENING CASE; TO SHOW CAUSE** |

    Petitioner, a prisoner of the State of California, currently incarcerated in Coalinga, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction. Petitioner subsequently filed an amended petition on February 27, 2008 containing ten claims, including four unexhausted claims. In lieu of dismissing the petition as a mixed petition containing both exhausted and unexhausted claims, the four unexhausted claims were stricken and this case was stayed in order to allow Petitioner time to exhaust them. Petitioner was instructed that after exhausting his claims, he should file a motion to amend in order to add the newly exhausted claims. Petitioner filed a motion to amend stating that he had filed a habeas petition in the California Supreme Court, which had denied his claims, and that he would like to add his newly-exhausted claims. His motion did not indicate what claims he had exhausted, however, and as a result, he was ordered to file a motion to lift the stay in which he identified what claims he had exhausted and would like to have reinstated.

Instead of filing such a motion, Petitioner simply filed a copy of the habeas petition that he filed in the California Supreme Court, which set forth three claims. The first of these claims is unintelligible, the second claim challenges the validity of identification procedure, and the third claims that jury instructions regarding evidence of other crimes was unconstitutional. These latter two claims were among the four unexhausted claims from the amended petition and they will be reinstated, the stay will be lifted, and respondent will be ordered to show cause why the amended petition should be granted based on the following eight exhausted claims therein (six that were exhausted prior to the stay, and two that were recently exhausted):

(1) ineffective assistance of trial counsel;

(2) prosecutorial misconduct in the filing of false information;

(3) an unduly suggestive identification procedure was used

(4) the trial court's admission of other crimes in violation of due process;

(5) the trial court's allowing a bailiff to stand in the witness stand during Petitioner's testimony violated due process;

(6) the instruction on other crimes evidence violated due process;

(7) vindictive prosecution; and

(8) prosecutorial misconduct by making statements that conflicted with the evidence presented.

For the foregoing reasons and for good cause shown,

1. The stay is LIFTED and the Clerk shall administratively REOPEN the file.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the eight claims from the amended petition set forth above. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a

...

determination of the issues presented by the amended petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

     3. Respondent may, within **ninety (90)** days of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

     4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED: <u>April 29, 2011</u>

                                                  JEFFREY S. WHITE
                                                  United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

WINSTON KEMPER,

         Plaintiff,

  v.

JAMES YATES et al,

         Defendant.
_____/

Case Number: CV07-04666 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Winston H. Kemper
B64476
P.O. Box 8500
Coalinga, CA 93210

Dated: April 29, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk